Dear Senator Webster:
You have requested our formal legal opinion on the question whether electricity as a propellant of vehicles using the highways of the state would be subject to taxation pursuant to ArticleIV, § 30, Constitution of Missouri.
The constitutional section referred to currently provides in the part we deem material:
 [A] tax upon or measured by fuel used for propelling highway motor vehicles shall be levied and collected as provided by law. . . . Art. IV, § 30(a).
. . . .
 For the purpose of constructing and maintaining an adequate system of connected state highways all state revenue derived from highway users as an incident to their use or right to use the highways of the state, including all state license fees and taxes upon . . . motor vehicle fuels, and upon, with respect to, or on the privilege of the manufacture, receipt, storage, distribution, sale or use thereof (excepting the sales tax on motor vehicles and trailers, and all property taxes), . . . shall be credited to the state road fund . . . . Art. IV, § 30(b).
Prior to adoption of the 1945 Constitution, amendments to the 1875 Constitution in the 1920's had authorized similar taxation to support the construction and maintenance of the state highway system. The taxes first authorized were described as follows:
 Any motor vehicle registration fees, license fees or taxes, authorized by law, except the property tax thereon, . . . . Art. IV, § 44a, Constitution of Missouri 1875 (approved at elections on November 2, 1920 and August 2, 1921.)
The subsequent authorization described such taxes in this manner:
 All state motor vehicle registration fees, license taxes or taxes authorized by law on motor vehicles (except the property tax on motor vehicles and state license fees or taxes on motor vehicle common carriers) and also all state taxes on the sale or use of motor vehicle fuels authorized by law, . . . . Art. IV, § 44a, Constitution of Missouri 1875 (approved at election on November 6, 1928).
The expansion in scope of the constitutional dedication of certain state revenues for highway construction and maintenance purposes seems thus evident, from what started as motor vehicle registration fees or license fees or taxes on motor vehicles, to what is now "all state revenue derived from highway users as an incident to their use . . . [of] the highways of the state . . . ." We believe this language would comprehend any taxes, fees or assessments imposed by law* on electricity that is sold and used to propel passenger or freight vehicles on the public highways and streets of this state, and would accordingly require all such revenues to be placed in the state treasury to the credit of the fund created by § 226.200, RSMo.
Very truly yours,
 JOHN ASHCROFT Attorney General
* The tax on "special fuel" authorized by §§ 142.362, et seq., applies to "diesel fuel, liquefied petroleum gas, and all other gases, liquids and substances used or suitable for use to propel motor vehicles except motor fuels or gasoline as defined in section 142.010.
We do not believe that electricity is a "special fuel" within the meaning of § 142.362.